## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
#### SOUTHERN DIVISION

| | |
|---|---|
| **RISHI BHASIN; ANNE JAMES; NELSON OTERO; FIRST PLUS FUNDING, INC.; FIRST ALLIED FINANCIAL SERVICES, INC.;** and **RELIANCE MORTGAGE SERVICE**, on behalf of themselves and all others similarly situated, | Case No.:  2:20-cv-13278<br>Honorable Laurie J. Michelson<br>Magistrate R. Steven Whalen |

       Plaintiffs,

   vs.

**UNITED SHORE FINANCIAL SERVICES, LLC** d/b/a UNITED WHOLESALE MORTGAGE,

       Defendant.

---

| | |
|---|---|
| SOMMERS SCHWARTZ, PC<br>Jason J. Thompson (P47184)<br>Alana Karbal (P82908)<br>One Towne Square, 17th Floor<br>Southfield, Michigan 48076<br>(248) 355-0300<br>jthompson@sommerspc.com<br>akarbal@sommerspc.com<br><br>*Attorneys for Plaintiffs* | THE MILLER LAW FIRM, PC<br>E. Powell Miller (P39487)<br>Kevin F. O'Shea (P40586)<br>Ann L. Miller (P43578)<br>950 W. University Dr., Ste. 300<br>Rochester, Michigan 48307<br>(248) 841-2200<br>epm@millerlawpc.com<br>kfo@millerlawpc.com<br>alm@millerlawpc.com<br><br>*Attorneys for Defendant* |

---

### STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order:

WHEREAS, the parties have shown good cause in support of the entry of a protective order to control the discovery and dissemination of confidential or proprietary information, or

information which will improperly annoy, embarrass, or oppress any party, witness, non-party, or person providing discovery in this case (hereafter collectively referred to as "Confidential Information"); and

WHEREAS, Plaintiffs, Rishi Bhasin, Anne James, Nelson Otero, First Plus Funding, Inc., First Allied Financial Services, Inc., and Reliance Mortgage Service, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), and Defendant United Shore Financial Services, LLC d/b/a United Wholesale Mortgage ("Defendant"), have agreed, through their undersigned attorneys, to set forth procedures for, and rules governing, the use of such Confidential Information, **IT IS ORDERED:**

1.      All discovery material produced, or depositions taken in discovery in this Litigation shall be used solely for purposes of the Litigation and for no other purpose. If, in the course of discovery or other proceedings in this Litigation, Defendant, Plaintiffs, any party to the Litigation, or any third party discloses discovery material they deem confidential, or proprietary, the producing party may designate such discovery material as "Confidential" ("Confidential Information"). A party may also designate any material and information produced by a non-party by way of a subpoena, or otherwise, as "Confidential." A disclosing party may designate documents and information produced in discovery as Confidential only if the disclosing party determined, in good faith, that such material constitutes confidential or proprietary business information that is not publicly available (such as research and development, commercial, or other sensitive information).

2.      **Confidential Information –** Documents shall be designated as Confidential Information by placing or affixing on them (in a manner that will not interfere with their legibility

or cover or block the substance of the material in any way) the following notice: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of the above captioned matter ("Litigation"), and the appeal thereof, if made.

4. Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   a. Attorneys and staff actively working on this case;

   b. Any person who previously received or authored the materials;

   c. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case, including employees of Defendants;

   d. Parties to the Litigation and their officers, directors, trustees, and employees;

   e. Expert witnesses, advisors, consultants, and other persons retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   f. Mediators, facilitators, arbitrators, other third-party neutrals, or other persons retained by the parties to assist in the resolution of this matter, and their staff;

   g. The Court (including any appellate court), jury and its employees ("Court Personnel");

   h. Stenographic reporters who are engaged in proceedings related to this action;

   i. Witnesses whose depositions have been noticed and witnesses for the purpose of providing affidavits regarding the specific material designated as Confidential that is disclosed to them;

   j. Anticipated and actual fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witnesses;[1] and

---

[1] Should a party seek to disclose such information under this provision, that party shall provide the party that made the confidential designation seven (7) days to schedule a telephonic conference with the Court in an effort to try to resolve an objection to the disclosure prior to filing any motion.

k.   Any other person, designated in a written agreement of counsel for the parties or by Order of this Court, after notice to both parties.

5.     With the exception of counsel, persons employed by counsel, Court Personnel and stenographic reporters, and except during a deposition, all persons to whom Confidential Information is disclosed in accordance with the terms of this Protective Order shall be advised by counsel of the terms of the Order, informed that they are subject to the terms and conditions of this Order, and provide his or her assent to be bound by terms of this Order prior to disclosure. The aforementioned assent to be bound by this Order shall be given by signing Exhibit A.

6.     **Deposition Testimony** – Deposition testimony may be designated "Confidential" if the party or attorney making the designation in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information. The attorney or party making the "Confidential" designation by so indicating orally on the record during the deposition. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the appropriate legend.

7.     **Motion Practice** – Should a party seek to attach to a motion material that has been designated as Confidential Information by the opposing party, that party shall provide the party that made the confidential designation fourteen (14) days to file a Motion to Seal under the parameters of Local Rule 5.3. The moving party may nevertheless file its motion, but shall use an

---

If the dispute still cannot be resolved following the telephonic conference, the Court will entertain or refer to the assigned Magistrate Judge the relevant motion, which shall be filed within fourteen (14) days of the telephonic conference. No disclosure shall be made until the Court has resolved the matter, either via telephonic conference or Motion. Should the party that made the confidential designation not schedule a telephonic conference with the Court within seven (7) days of being advised of the opposing party's desire to disclose the Confidential Information and/or file such a Motion within fourteen (14) days of the telephonic conference if the dispute could not be resolved, that party may proceed to disclose the information under this provision.

exhibit placeholder for the Confidential Information it seeks to attach. Should the party that made the confidential designation not file a Motion to Seal within fourteen (14) days of being advised of the opposing party's desire to attach Confidential Information to its motion, the party seeking to attach the Confidential Information may file the Confidential Information with this Court as an amended exhibit to the placeholder.

8.  **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit.

9.  **Challenging "Confidential" or "Highly Confidential" Designation** – A party may object to the designation of Confidential Information by giving written notice to the party designating the disputed information as Confidential Information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection in good faith, the party making the confidential designation shall schedule a telephonic conference with the Court in a further effort to try to resolve the dispute prior to filing any motion. If the dispute still cannot be resolved following the telephonic conference, the Court will entertain or refer to the assigned Magistrate Judge the relevant motion. It shall be the obligation of the party making the confidential designation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. A Party shall not be obligated to challenge the propriety of the designation as Confidential Information at the time the designation is made, and failure to make such a challenge shall not preclude a subsequent challenge.

10. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

11. **Termination of Lawsuit** – Upon request of the designating party and following the termination of this action and any related proceedings and appeals, unless other arrangements

are mutually agreed upon by all counsel, any person in possession of documents and/or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall either: (1) make such material available for pickup by counsel for the designating party; or (2) certify to counsel for the designating party that all such material and copies, summaries, and extracts thereof have been destroyed, provided, however, that the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, other papers filed with or sent to the Court that incorporate, append, or refer to such material, with such papers remaining subject to the terms and conditions of this Protective Order. The parties may agree to destroy documents containing Confidential Information by way of a mutually agreed-upon procedure.

12.     **Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.).  However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

13.     A party or counsel may not unilaterally modify any document so as to remove it from the protections of this Protective Order. Any document subject to this Protective Order when produced will remain protected unless the parties agree in writing to remove the designation, or as otherwise ordered by the Court.

14.     This Protective Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard. This Protective Order is without prejudice to the right of either party to admit Confidential Information

as evidence or in this action contest the admissibility, discoverability or privileged status of any document or information.

15.     To the extent that there is any conflict between the terms of this Order and the rules of the Court, the rules of the Court will govern.

16.     Nothing in this Order shall be deemed in any way to restrict the use of discovery material that is publicly available or has been or could be legally obtained or retained independent of formal discovery in the Litigation, whether or not the same material has also been obtained through formal discovery in the Litigation. Any designation of such material as confidential is an improper and ineffective designation.

**IT IS SO ORDERED.**

Dated: October 13, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

AS STIPULATED AND AGREED TO:

/s/ *Jason J. Thompson*
SOMMERS SCHWARTZ, PC
Jason J. Thompson (P47184)
Alana Karbal (P82908)
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
jthompson@sommerspc.com
akarbal@sommerspc.com

*Attorneys for Plaintiffs*

/s/ *Kevin F. O'Shea* [With Consent]
THE MILLER LAW FIRM, PC
E. Powell Miller (P39487)
Kevin F. O'Shea (P40586)
Ann L. Miller (P43578)
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
(248) 841-2200
epm@millerlawpc.com
kfo@millerlawpc.com
alm@millerlawpc.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**RISHI BHASIN; ANNE JAMES;**
**NELSON OTERO; FIRST PLUS**
**FUNDING, INC.; FIRST ALLIED**
**FINANCIAL SERVICES, INC.;** and
**RELIANCE MORTGAGE SERVICE,**
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

   vs.

**UNITED SHORE FINANCIAL**
**SERVICES, LLC** d/b/a UNITED
WHOLESALE MORTGAGE,

        Defendant.

Case No.:  2:20-cv-13278
Honorable Laurie J. Michelson
Magistrate R. Steven Whalen

---

SOMMERS SCHWARTZ, PC
Jason J. Thompson (P47184)
Alana Karbal (P82908)
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
jthompson@sommerspc.com
akarbal@sommerspc.com

*Attorneys for Plaintiffs*

THE MILLER LAW FIRM, PC
E. Powell Miller (P39487)
Kevin F. O'Shea (P40586)
Ann L. Miller (P43578)
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
(248) 841-2200
epm@millerlawpc.com
kfo@millerlawpc.com
alm@millerlawpc.com

*Attorneys for Defendant*

---

## EXHIBIT A

## ACKNOLWEDGMENT OF AMENDED STIPULATED PROTECTIVE ORDER

I hereby acknowledge that I have read the Stipulated Protective Order ("Order") entered in the above-captioned action, understand the terms thereof, and agree to be bound by its terms.  I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that are given to me for purposes of this lawsuit. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" with anyone other than the persons described in the Order.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Order. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Name: _____

Address: _____

_____

_____

Date: _____          _____
[Signature]