UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST PLUS FUNDING, INC.; FIRST
ALLIED FINANCIAL SERVICES, INC.;
and RELIANCE MORTGAGE SERVICE,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

  vs.

UNITED SHORE FINANCIAL
SERVICES, LLC d/b/a UNITED
WHOLESALE MORTGAGE,

        Defendant.

Case No. 2:20-cv-13278

Honorable Laurie J. Michelson
Magistrate David R. Grand

---

SOMMERS SCHWARTZ, PC
Jason J. Thompson (P47184)
Alana Karbal (P82908)
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
jthompson@sommerspc.com
akarbal@sommerspc.com

LAW OFFICES OF SCOTT GLOVSKY
Scott Glovsky
343 Harvard Avenue
Claremont, CA 91711
(626) 243-5598
sglovsky@scottglovskylaw.com
   *Attorneys for Plaintiffs*

FOLEY & LARDNER LLP
Norman C. Ankers (P30533)
Jennifer Z. Belveal (P54740)
500 Woodward Ave., Suite 2700
Detroit, Michigan 48226
(313) 234-7175
nankers@foley.com
jbelveal@foley.com
   *Attorneys* for *Defendant*

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Defendant, United Wholesale Mortgage, LLC (f/k/a United Shore Financial Services, LLC) ("UWM"), by and through its counsel, Foley & Lardner LLP, and for its Answer and Affirmative Defenses to Plaintiffs First Plus Funding, Inc., First Allied Financial Services, Inc., and Reliance Mortgage Service's ("Plaintiffs") Complaint and Jury Demand ("Complaint") states as follows:

### I.   INTRODUCTION

1. UWM denies the allegation in Paragraph 1. To the extent Paragraph 1 calls for a legal conclusion, no answer is required.

2. UWM is without information sufficient to form a belief as the truth of the allegations of paragraph 2 of Plaintiffs' complaint, except to state that UWM entered into written contractual relationships which speak for themselves as to their terms, conditions and effects

3. No answer is required to the allegations of paragraph 3 of Plaintiffs' complaint because the agreements and notices speak for themselves as to their terms, conditions and effects, except to deny that UWM was beginning to have financial troubles because this allegation is untrue.

## II. THE PARTIES

4. No answer is required, as this Plaintiff has been dismissed (Dkt. 35). To the extent an answer is required, UWM has insufficient information to admit or deny the allegation in Paragraph 4.

5. UWM is without sufficient information to admit or deny the allegations in Paragraph 5.

6. No answer is required, as this Plaintiff has been dismissed (Dkt. 35). To the extent an answer is required, UWM has insufficient information to admit or deny the allegation in Paragraph 6.

7. UWM is without sufficient information to admit or deny the allegations in Paragraph 7.

8. No answer is required, as this Plaintiff has been dismissed (Dkt. 35). To the extent, an answer is required, UWM has insufficient information to admit or deny the allegation in Paragraph 8.

9. UWM is without sufficient information to admit or deny the allegations in Paragraph 9.

10. UWM denies the allegations of Paragraph 10.

### III. JURISDICTION AND VENUE

11. Paragraph 11 sets forth legal conclusions to which UWM need not respond. To the extent the allegations are deemed to require a response, UWM denies the allegations of Paragraph 11.

12. Paragraph 12 sets forth legal conclusions to which UWM need not respond.

13. Paragraph 13 sets forth legal conclusions to which UWM need not respond.

14. Paragraph 14 sets forth legal conclusions to which UWM need not respond. To the extent the allegations are deemed to require a response, UWM denies the allegations of Paragraph 14.

### IV. FACTUAL BACKGROUND

*a. Common Allegations*

15. No answer is required to the allegations of Paragraph 15 of Plaintiffs' complaint because the agreements speak for themselves as to their terms, conditions and effects.

16. No answer is required to the allegations of Paragraph 16 of Plaintiffs' complaint because the agreements speak for themselves as to their terms, conditions and effects.

17. No answer is required to the allegations of Paragraph 17 of Plaintiffs' complaint because the agreements speak for themselves as to their terms, conditions and effects.

18. No answer is required to the allegations of Paragraph 18 of Plaintiffs' complaint because the agreements speak for themselves as to their terms, conditions and effects.

19. No answer is required to the allegations of Paragraph 19 of Plaintiffs' complaint because the agreements speak for themselves as to their terms, conditions and effects.

20. No answer is required to the allegations of Paragraph 20 of Plaintiffs' complaint because the agreements speak for themselves as to their terms, conditions and effects.

21. No answer is required to the allegations of Paragraph 21 of Plaintiffs' complaint because the agreements speak for themselves as to their terms, conditions and effects. The remaining allegations call for a conclusion to which no response is required.

22. No answer is required to the allegations of Paragraph 22 of Plaintiffs' complaint because the e-mail and video speaks for itself as to its terms, conditions and effects.

23. No answer is required to the allegations of Paragraph 23 of Plaintiffs' complaint because the e-mail and video speaks for itself as to its terms, conditions and effects.

24. UWM denies the allegations in Paragraph 24.

25. UWM denies the allegations of Paragraph 25 of the complaint. In further answer to the allegations of Paragraph 25 of Plaintiffs' complaint, defendant states that the agreements speak for themselves as to their terms, conditions and effects.

### b. *Plaintiff's Experiences Under the Wholesale Broker Agreement*

26. UWM need not answer Paragraphs 26-44 to the extent the allegations solely relate to the individuals Plaintiffs who have been dismissed. (*See* Dkt. 35). To the extent the allegation in Paragraph 26 is deemed to require a response, UWM denies the allegation.

a. <u>Rishi Bhasin and First Plus Funding, Inc.</u>

27. UWM need not answer Paragraph 27 to the extent the allegations relate solely to the individual Plaintiffs who have been dismissed. In further answer to the allegations of Paragraph 27, UWM states that the contract which is attached does not pertain to Mr. Bhasin

28. UWM has insufficient information to admit or deny the allegations in in Paragraph 28.

5

29. UWM has insufficient information to admit or deny the allegations in in Paragraph 29.

30. UWM admits that it sent an invoice to First Plus Funding Inc. dated May 1, 2020, and that the invoice contained the language quoted in Paragraph 30.

31. UWM denies that the loans listed in the May 1, 2020 invoice to First Plus Funding Inc. were not paid off by the borrowers within "at least" 180 days of their closing.

32. UWM need not answer Paragraph 32 to the extent the allegation relates to the individual Plaintiffs as those allegations are moot and have been dismissed. (*See* Dkt. 35). UWM denies the outstanding allegations in Paragraph 32.

b. <u>Anne James and Reliance Mortgage Service</u>

33. UWM need not answer Paragraph 33 to the extent the allegation relates to the individual Plaintiffs as those allegations are moot and have been dismissed. (*See* Dkt. 35). UWM admits that it entered into a Wholesale Broker Agreement with Reliance Mortgage Service, Inc. in 2014 and that the Wholesale Broker Agreement was renewed and amended from time to time since 2014. UWM denies that the Wholesale Broker Agreement with Reliance Mortgage Service, Inc. is "substantively identical" to Exhibit A to the Complaint. UWM has insufficient information to admit or deny the remaining allegations in in Paragraph 33.

34. UWM has insufficient information to admit or deny the allegations in in Paragraph 34.

35. UWM has insufficient information to admit or deny the allegations in in Paragraph 35.

36. UWM admits that it sent an invoice to Reliance Mortgage Service, Inc. dated May 1, 2020, and that the invoice contained the language quoted in Paragraph 36.

37. UWM admits that the loans listed in the May 1, 2020 invoice to Reliance Mortgage Service, Inc. were funded prior to March 12, 2020. UWM denies the remaining allegations in Paragraph 37.

38. UWM need not answer Paragraph 38 to the extent the allegation relates to the individual Plaintiffs as those allegations are moot and have been dismissed. (*See* Dkt. 35). UWM denies the outstanding allegations in Paragraph 38.

c. <u>Nelson Otero and First Allied Financial Services, Inc.</u>

39. UWM need not answer Paragraph 39 to the extent the allegation relates to the individual Plaintiffs as those allegations are moot and have been dismissed. (*See* Dkt. 35). UWM admits that it entered into a Wholesale Broker Agreement with First Allied Financial Services, Inc. prior to 2019. UWM has insufficient information to admit or deny the remaining allegations in in Paragraph 39.

40. UWM has insufficient information to admit or deny the allegations in in Paragraph 40.

41. UWM has insufficient information to admit or deny the allegations in in Paragraph 41.

42. UWM denies the allegations in Paragraph 42.

43. UWM denies the allegations in Paragraph 43.

44. UWM need not answer Paragraph 44 to the extent the allegation relates to the individual Plaintiffs as those allegations are moot and have been dismissed. (*See* Dkt. 35). UWM denies the outstanding allegations in Paragraph 44.

V. **CLASS ACTION ALLEGATIONS**

45. Paragraph 45 sets forth legal conclusions to which UWM need not respond. UWM admits that Plaintiffs purport to bring this lawsuit as a class action and purport to define a putative class, but denies that this lawsuit is appropriate for class treatment, is amendable to class certification or that Plaintiffs can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

46. No answer is required to the allegations of Paragraph 46 of Plaintiffs' complaint because Plaintiffs' proposed class definition speaks for itself as to its terms, conditions and effects.

47. Paragraph 47 sets forth a legal conclusion to which UWM need not respond. To the extent the allegations are deemed to require a response, UWM denies the allegations in Paragraph 47.

**Numerosity – Fed. R. Civ. P. 23(a)(1)**

48. Paragraph 48 sets forth legal conclusions to which UWM need not respond. To the extent a response is required, UWM denies that Plaintiffs can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**Commonality and Predominance – Fed. R. Civ. P. 23(a)(2) and 23(b)(3)**

49. Paragraph 49 sets forth a legal conclusion to which UWM need not respond. To the extent the allegation is deemed to require a response, UWM denies the allegation in Paragraph 49.

50. Paragraph 50, in part, sets forth a legal conclusion to which UWM need not respond. To the extent the allegation is deemed to require a response, UWM denies the allegation in Paragraph 50.

51. Paragraph 51 sets forth legal conclusions to which UWM need not respond.

52. Paragraph 52 sets forth a legal conclusion to which UWM need not respond. To the extent the allegation is deemed to require a response, UWM denies the allegation in Paragraph 52.

53. Paragraph 53 sets forth legal conclusions to which UWM need not respond. To the extent allegations are deemed to require a response, UWM denies the allegations in Paragraph 53.

**Typicality – Fed. R. Civ. P. 23(a)(3)**

54. Paragraph 54 sets forth legal conclusions to which UWM need not respond. To the extent allegations are deemed to require a response, UWM denies the allegations in Paragraph 54.

55. Paragraph 55 sets forth a legal conclusion to which UWM need not respond. To the extent the allegation is deemed to require a response, UWM denies the allegation in Paragraph 55.

56. Paragraph 56 sets forth legal conclusions to which UWM need not respond. To the extent allegations are deemed to require a response, UWM denies the allegations in Paragraph 56.

57. Paragraph 57 sets forth legal conclusions to which UWM need not respond. To the extent allegations are deemed to require a response, UWM denies the allegation in Paragraph 57.

58. Paragraph 58 sets forth legal conclusions to which UWM need not respond. To the extent allegations are deemed to require a response, UWM denies the allegation in Paragraph 58.

**Adequacy of Representation – Fed. R. Civ. P. 23(a)(4)**

59. Paragraph 59 sets forth legal conclusions to which UWM need not respond. To the extent a response is required, UWM denies that Plaintiffs can satisfy the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**Superiority of Class Treatment – Fed. R. Civ. P. 23(b)(3)**

60. Paragraph 60 sets forth legal conclusions to which UWM need not respond. To the extent a response is required, UWM denies that Plaintiffs can satisfy the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**Particular Issues – Fed. R. Civ. P. 23(c)(4)**

61. Paragraph 61 sets forth legal conclusions to which UWM need not respond. To the extent a response is required, UWM denies that Plaintiffs can satisfy the requirements of either Rule 23(b)(3) or Rule 23(c)(4).

62. Paragraph 62 sets forth a legal conclusion to which UWM need not respond. To the extent a response is required, UWM denies the allegation.

**VI. CLAIMS**

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

63. UWM repeats and incorporates its responses above to the allegations contained in Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. UWM denies the allegations in Paragraph 64.

11

65. Paragraph 65 sets forth a legal conclusion to which UWM need not respond. To the extent a response is required, UWM denies the allegation.

66. UWM denies the allegation in Paragraph 66.

67. UWM denies the allegation in Paragraph 67.

68. UWM denies the allegation in Paragraph 68.

69. UWM denies the allegation in Paragraph 69.

70. UWM denies the allegations in Paragraph 70.

71. UWM denies the allegations in Paragraph 71.

72. UWM denies the allegations in Paragraph 72.

73. UWM denies the allegations in Paragraph 73.

74. UWM denies the allegation in Paragraph 74.

## SECOND CAUSE OF ACTION

**(Declaratory Relief, 28 U.S.C. §§ 2201-2202)**

75. UWM repeats and incorporates its responses above to the allegations contained in Paragraphs 1 through 74 of the Complaint as if fully set forth herein.

76. Paragraph 76, in part, sets forth a legal conclusion to which UWM need not respond. To the extent a response is required, UWM denies the allegations.

77. Paragraph 77 sets forth a legal conclusion to which UWM need not respond. To the extent a response is required, UWM denies the allegation.

78. UWM denies the allegations in Paragraph 78.

## VII. **PRAYER FOR RELIEF**

UWM denies that Plaintiffs are entitled to any substantive, procedural, economic, statutory, declaratory or injunctive remedy or relief, including the relief referenced in Plaintiffs' "Prayer for Relief" section of the Complaint, or any other relief whatsoever. UWM further denies that Plaintiffs or any putative class member has suffered or incurred any injury or damage, either as alleged in the Complaint or at all.

## VIII. **AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, "Affirmative Defenses," UWM further responds to the Complaint by alleging the following defenses, avoidances and affirmative defenses without assuming the burden of proof where such a burden is otherwise on Plaintiffs pursuant to applicable substantive or procedural law. All defenses are alleged as to Plaintiffs and, in the event that this case is permitted to proceed on a class basis, as to any other member of the purported class. UWM reserves the right to assert additional separate defenses, avoidances and/or affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case, and asserts the separate defenses, avoidances and affirmative defenses herein in good faith to avoid waiver.

1. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

13

2. The Plaintiffs' Complaint fails to meet two of the CAFA requirements (100 individuals and the $5 million amount-in-controversy requirement).

3. The Plaintiffs and/or members of the putative class lack Article III standing.

4. Some of the proposed putative class members were and are uninjured by the contractual change or other alleged conduct, such that a class which has them as members should not be certified and/or would not be entitled to any recovery or relief.

5. Many of the proposed putative class members released UWM of any potential claims, or waived any potential claims, by accepting the amended agreement.

6. The Plaintiffs' proposed class definition is impermissibly overbroad.

7. Class certification is not proper because Plaintiffs do not and cannot satisfy the requirements of Federal Rule of Civil Procedure 23. Plaintiffs cannot meet the burden of satisfying the prerequisites of commonality, typicality, numerosity, and adequacy.

8. UWM was not the proximate cause of any or all of the damage which Plaintiffs claim to have suffered.

9. Plaintiffs failed to mitigate any damage which they may have suffered.

10. Plaintiffs have waived their right to seek relief.

14

11. Plaintiffs are estopped to seek relief.

12. Plaintiffs' complaint fails to properly plead subject matter jurisdiction.

13. UWM reserves the right to assert additional or supplemental factual and legal claims and defenses, avoidances or affirmative defenses to Plaintiffs' claims.

## IX. COUNTERCLAIM

UWM, by its attorneys Foley & Lardner LLP, for its counterclaim against Plaintiffs, state as follows:

### THE PARTIES

1. Plaintiffs claim to represent a class of similarly situated companies that contracted with UWM under Wholesale Broker Agreements. Upon information and belief, the three proposed class representatives are: (1) Plaintiff First Plus Funding, Inc., a corporation duly organized and existing under and by virtue of the laws of the State of California with its headquarters and principal place of business in California; (2) Plaintiff Reliance Mortgage Service, Inc., a corporation duly organized and existing under and by virtue of the laws of the State of California with its headquarters and principal place of business in California; and (3) Plaintiff First Allied Financial Services, Inc., a corporation duly organized and existing under and by virtue of the laws of the State of California with its headquarters and principal place of business in California.

2. UWM is a limited liability company. This counterclaim is being asserted in the event that this Court in fact possesses subject matter jurisdiction over this controversy and a compulsory counterclaim must be filed.

## JURISDICTION AND VENUE

3. The Wholesale Broker Agreement states that the parties are to bring matters arising out of the agreement before this Court, United States District Court for the Eastern District of Michigan, Southern Division, and consent to its jurisdiction. Dkt. 1, Exhibit A.

4. Jurisdiction is proper in this District because Plaintiffs have availed themselves to this forum. Furthermore, jurisdiction is proper based on convenience of claims and direct overlap of facts.

5. UWM's counterclaims are compulsory counterclaims under Fed. R. Civ. P. 13(a) as they arise out of the same transactions or occurrences that are the subject of the Plaintiffs' Complaint.

6. Venue is proper in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

7. UWM utilizes the Wholesale Broker Agreement with Plaintiffs and each of the claimed putative Class Members. Under the Wholesale Broker Agreement, UWM agreed to underwrite mortgage loans from Brokers' clients if

16

certain conditions were met, and in exchange, UWM agreed to pay a broker's commission.

8. Under the Wholesale Broker Agreement, broker commissions have always been subject to repayment if the Loan is repaid earlier than the specified time in the agreement.

9. UWM retained the right to amend the Wholesale Broker Agreement.

10. On March 12, 2020, UWM did, in fact, amend the Wholesale Broker Agreement and changed the relevant time for repayment if the Loan was repaid in from within 180 days to within 365 days to stop churning.

11. Upon information and belief, some Plaintiffs have not repaid or returned broker commissions.

## COUNTERCLAIMS

## FIRST CAUSE OF ACTION

### (Breach of Contract)

UWM, for a first cause of action against Plaintiffs, allege:

12. UWM incorporates by reference each and every paragraph of the UWM's General Allegations as set forth in this Counterclaim.

13. UWM performed all of its contractual obligations.

14. Plaintiffs have breached their contractual obligations owed to UWM by submitting additional applications, but have not returned their broker commission in the event their loan was repaid within one year.

## SECOND CAUSE OF ACTION

## (Declaratory Relief, 28 U.S.C. §§ 2201-2202)

UWM, for a second cause of action against Plaintiffs, allege:

15. UWM incorporates by reference each and every paragraph of the UWM's General Allegations as set forth in this Counterclaim.

16. An actual controversy now exists between the Parties regarding their rights and liabilities under their Wholesale Broker Agreement. Plaintiffs are withholding repayment of amounts due under the Wholesale Broker Agreement. UWM alleges that such actions breach the Wholesale Broker Agreement.

17. Accordingly, the parties require a declaration of the rights and obligations under the Wholesale Broker Agreement.

18. UWM requests a declaration that Plaintiffs continued use of UWM as a provider demonstrates an acceptance of the contract's amendment and are therefore barred from bringing any claims against UWM.

**WHEREFORE, UWM requests that this Court**:

A. Dismiss Plaintiffs' Complaint with prejudice;

B. Enter a judgment of no cause of action in UWM's favor and against Plaintiffs;

C. Enter a judgment granting UWM's counterclaim against Plaintiffs;

D. Award UWM costs, including reasonable attorney fees, incurred in defending this matter and in prosecuting the counterclaim herein; and

E. Grant any other appropriate relief.

FOLEY & LARDNER LLP

/s/ Norman C. Ankers
Norman C. Ankers (P30533)
Jennifer Z. Belveal (P54740)
500 Woodward Ave., Suite 2700
Detroit, Michigan 48226
(313) 234-7175
nankers@foley.com
jbelveal@foley.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I caused to be filed the foregoing paper with the Clerk of the Court using the electronic filing system, which will send notification of said filing to all parties of record.

/s/ Norman C. Ankers

19

4866-1395-4841.7