UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FIRST PLUS FUNDING, INC.; FIRST ALLIED FINANCIAL SERVICES, INC.;** and **RELIANCE MORTGAGE SERVICE**, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>     vs.<br><br>**UNITED SHORE FINANCIAL SERVICES, LLC** d/b/a UNITED WHOLESALE MORTGAGE,<br><br>             Defendant. | Case No.:  2:20-cv-13278<br>Honorable Laurie J. Michelson<br>Magistrate R. Steven Whalen |

| | |
|---|---|
| SOMMERS SCHWARTZ, PC<br>Jason J. Thompson (P47184)<br>Alana Karbal (P82908)<br>One Towne Square, 17th Floor<br>Southfield, Michigan 48076<br>(248) 355-0300<br>jthompson@sommerspc.com<br>akarbal@sommerspc.com<br><br>LAW OFFICES OF SCOTT GLOVSKY<br>Scott Glovsky<br>343 Harvard Avenue<br>Claremont, CA 91711<br>(626) 243-5598<br>sglovsky@scottglovskylaw.com<br><br>*Attorneys for Plaintiffs* | FOLEY & LARDNER LLP<br>Norman C. Ankers (P30533)<br>Jennifer Z. Belveal (P54740)<br>500 Woodward Ave., Suite 2700<br>Detroit, Michigan 48226<br>(313) 234-7176<br>nankers@foley.com<br>jbelveal@foley.com<br><br>*Attorneys for Defendant* |

## **PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM**

Plaintiffs FIRST PLUS FUNDING, INC., FIRST ALLIED FINANCIAL SERVICES,

INC. and RELIANCE MORTGAGE SERVICE (collectively, "Plaintiffs"), on behalf of

1

themselves and all others similarly situated, by and through their undersigned counsel, hereby submit this Answer and Affirmative Defenses to Defendant United Shore Financial Services, LLC's ("UWM") Counterclaim as follows:

## ANSWER TO COUNTERCLAIM

### THE PARTIES

1. Plaintiffs admit the allegations in Paragraph 1 of the Counterclaim.

2. Defendant's allegations in Paragraph 2 of the Counterclaim contain legal conclusions to which no response is required. Plaintiffs lack sufficient knowledge or information to form an opinion as to the truth of the remaining allegation regarding Defendant's reasons for asserting the Counterclaim and, on that basis, denies them.

### JURISDICTION AND VENUE

3. The Wholesale Broker Agreement alleged in Paragraph 3 of the Counterclaim speaks for itself and Plaintiffs deny any attempt to characterize its contents,

4. Paragraph 4 of the Counterclaim contains legal conclusions to which no response is required.

5. Paragraph 5 of the Counterclaim contains legal conclusions to which no response is required.

6. Paragraph 6 of the Counterclaim contains a legal conclusion to which no response is required.

### FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

7. Plaintiffs admit that UWM utilizes a Wholesale Broker Agreement with Plaintiffs and putative class members as alleged in Paragraph 7 of the Counterclaim. The Wholesale Broker Agreement speaks for itself and Plaintiffs deny any attempt to characterize its contents. Except as

expressly admitted, Plaintiffs deny the allegations in Paragraph 7 of the Counterclaim.

8. The Wholesale Broker Agreement alleged in Paragraph 8 of the Counterclaim speaks for itself and Plaintiffs deny any attempt to characterize its contents.

9. Plaintiffs lack sufficient knowledge or information to form an opinion as to the truth of the allegations in Paragraph 9 of the Counterclaim and, on that basis, denies them.

10. Plaintiffs admit that UWM attempted to amend the Wholesale Broker Agreement.

11. Defendant's allegations in Paragraph 11 of the Counterclaim contain legal conclusions to which no response is required, and, as to the factual portion, Plaintiffs, upon information and belief, deny the allegation.

## COUNTERCLAIMS
## FIRST CAUSE OF ACTION
### (Breach Of Contract)

12. Plaintiffs incorporates by reference their answer to Paragraphs 1 through 11 of the Counterclaim as though set forth in full herein.

13. Plaintiffs deny the allegations in Paragraph 13 of the Counterclaim.

14. Plaintiffs deny the allegations in Paragraph 14 of the Counterclaim.

## SECOND CAUSE OF ACTION
### (Declaratory Relief, 28 U.S.C. §§ 2201-2202)

15. Plaintiffs incorporates by reference their answer to Paragraphs 1 through 14 of the Counterclaim as though set forth in full herein.

16. Plaintiffs deny the allegations in Paragraph 16 of the Counterclaim. Additionally, Paragraph 16 of the Counterclaim contains a legal conclusion to which no response is required.

17. Plaintiffs deny the allegations in Paragraph 17 of the Counterclaim.

18. Plaintiffs deny that UWM is entitled to the declaration alleged in Paragraph 18 of the Counterclaim.

      A.      Paragraph A of the Counterclaim sets forth a prayer for relief for which no response is required.  To the extent a response is required, Plaintiffs deny that Defendant is entitled to the requested relief.

      B.      Paragraph B of the Counterclaim sets forth a prayer for relief for which no response is required.  To the extent a response is required, Plaintiffs deny that Defendant is entitled to the requested relief.

      C.      Paragraph C of the Counterclaim sets forth a prayer for relief for which no response is required.  To the extent a response is required, Plaintiffs deny that Defendant is entitled to the requested relief.

      D.      Paragraph D of the Counterclaim sets forth a prayer for relief for which no response is required.  To the extent a response is required, Plaintiffs deny that Defendant is entitled to the requested relief.

      E.      Paragraph E of the Counterclaim sets forth a prayer for relief for which no response is required.  To the extent a response is required, Plaintiffs deny that Defendant is entitled to the requested relief.

## **AFFIRMATIVE DEFENSES**

As further, separate and affirmative defenses, without assuming the burden of proof of any such defense that rests with UWM, Plaintiffs state as follows:

## **FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

      1.      The Counterclaim fails to state a claim upon which relief may be granted. The Complaint also fails to state a claim for the reasons stated in Plaintiffs' Complaint.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

2. UWM's Counterclaim is barred, in whole or in part, to the extent UWM has failed to comply with its duty to mitigate and to act in a commercially reasonable manner. To the extent Plaintiffs is found to owe UWM, that amount must be offset by the amount UWM has received in mitigation or would have received if UWM had fully performed its obligation to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE
### (Rescission)

3. UWM's Counterclaim is barred, in whole or in part, to the extent the purpose and object of the Wholesale Broker Agreement was frustrated, impossible, illegal and/or commercially impracticable, such that Plaintiffs are entitled to rescission of the Wholesale Broker Agreement.

## FOURTH AFFIRMATIVE DEFENSE
### (Unconscionability)

4. UWM's Counterclaim is barred, in whole or in part, to the extent the alleged agreement between the parties is unconscionable and/or unenforceable.

## FIFTH AFFIRMATIVE DEFENSE
### (Setoff)

5. To the extent that the Court finds Plaintiffs owes UWM, Plaintiffs' liability to UWM must be setoff in whole or in part by the amounts that UWM owes Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE
### (No Duty)

6. With respect to the alleged rights, claims and obligations that UWM seeks to enforce against Plaintiffs, UWM's Counterclaim is barred, in whole or in part, to the extent Plaintiffs owed no duty to UWM, and, therefore, Plaintiffs is not liable to UWM for damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

7. UWM's Counterclaim is barred, in whole or in part, to the extent UWM is estopped from enforcing any of the alleged rights, claims and obligations it seeks to enforce against Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE
### (Excuse)

8. UWM's Counterclaim is barred, in whole or in part, to the extent Plaintiffs' performance was excused.

### NINTH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

9. UWM's Counterclaim is barred, in whole or in part, to the extent Plaintiffs' obligation to perform any of its alleged obligations under the Wholesale Broker Agreement was excused for a failure of consideration.

### TENTH AFFIRMATIVE DEFENSE
### (Laches)

10. UWM's Counterclaim is barred, in whole or in part, by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

11. UWM's Counterclaim is barred, in whole or in part, by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

12. UWM's Counterclaim is barred, in whole or in part, by applicable statutes of limitation.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Actions of UWM and Third Parties)

13. UWM's Counterclaim is barred, in whole or in part, to the extent Plaintiffs' obligation to perform any of its alleged obligations under the Wholesale Broker Agreement was excused by UWM's actions or the actions of third parties.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Damages)

14. UWM's Counterclaim is barred, in whole or in part, to the extent UWM has not suffered any damages as a result of any actions taken by Plaintiffs, and UWM is barred from asserting any cause of action against Plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Breach of Contract)

15. UWM's Counterclaim is barred, in whole or in part, to the extent UWM failed to comply with terms of the parties' agreement including, without limitation, the Wholesale Broker Agreement and is therefore barred from asserting any cause of action against Plaintiffs, or its claimed damages must be offset by the amount of damages caused by UWM's own failure to comply with any agreement.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

16. UWM's Counterclaim is barred, in whole or in part, by the equitable doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Complete Performance)

17. UWM's Counterclaim is barred, in whole or in part to the extent Plaintiffs performed and discharged any and all obligations and duties arising out of the matters alleged in the Counterclaim.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Failure of Condition Precedent)

18. UWM's Counterclaim is barred, in whole or in part by a failure of one or more conditions precedent.

### NINETEENTH AFFIRMATIVE DEFENSE
(No Actual Controversy)

19. UWM's Counterclaim is barred, in whole or in part, to the extent there no actual, justiciable controversy exists.

### TWENTIETH AFFIRMATIVE DEFENSE
(Reservation of Rights)

20. Plaintiffs' investigation is ongoing and thus Plaintiffs presently have insufficient knowledge or information upon which to form a belief as to whether additional affirmative defenses are available to them. Thus, Plaintiffs reserve the right to allege other affirmative defenses, as they may become known through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor, dismiss UWM's Counterclaims with prejudice, award Plaintiffs their costs (including reasonable attorney fees and costs), and grant Plaintiffs such other relief as requested in their operative Complaint, as the law, equity, and justice require.

Dated: May 2, 2022

/s/ *Jason J. Thompson*
SOMMERS SCHWARTZ, PC
Jason J. Thompson (P47184)
Alana Karbal (P82908)
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
jthompson@sommerspc.com
akarbal@sommerspc.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on May 2, 2022, I electronically filed the forgoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

>
> */s/ Wendy Vaughn*
> Wendy Vaughn
> Sommers Schwartz, P.C.
> One Towne Square, 17th Floor
> Southfield, MI  48076
> (248) 355-0300